UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| RUSTON LOUISIANA HOSPITAL CO., LLC | * | CIVIL ACTION NO.  18-0881 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| LINCOLN HEALTH FOUNDATION, INC. | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Rule 12(b)(6), filed by Defendant Lincoln Health Foundation, Inc. ("Foundation"). [doc. # 5]. The motion is opposed. For reasons set forth below, it is recommended that the motion be **DENIED**.

### Background

On July 6, 2018, Plaintiff Ruston Louisiana Hospital Co., LLC ("Ruston") filed a Complaint against Foundation. (Complaint, [doc. # 1]). Ruston claims that, on or about February 1, 2007, it entered into an Asset Purchase Agreement (the "Agreement") with Lincoln Health System, Inc. ("LHSI"), whereby LHSI sold to Ruston assets related to LHSI's operation of Lincoln General Hospital (the "Hospital"). (*Id.* ¶¶ 8-9). Pursuant to the Agreement, LHSI agreed that it would indemnify Ruston with respect to "any claim made by a third party with respect to the operation of the Hospital prior to the Closing Date" on April 1, 2007. (*Id.* ¶¶ 10-11). The Agreement also contains a provision that it binds the parties and their respective successors. (*Id.* ¶ 12). In 2017, Ruston received a notification from Centers for Medicare & Medicaid Services that an outlier reconciliation had been performed regarding charges submitted by LHSI

prior to closing date listed in the Agreement. (*Id.* ¶ 15). Ruston was forced to pay the charges. (*Id.* ¶ 16). Ruston claims that Foundation is LHSI's successor-in-interest, and therefore, must indemnify Ruston for the charges. (*Id.* ¶ 23).

On September 12, 2018, Foundation filed the instant motion pursuant to Fed. R. Civ. P 12(b)(6) to dismiss Ruston's claims against it on the following grounds: (1) As a shareholder of LHSI, a dissolved corporation, Foundation cannot be liable for LHSI's debts, except in exceptional circumstances, which do not exist here; (2) Foundation was not a party, signatory, or even mentioned in the Agreement between Ruston and LHSI, and without privity of contract, Ruston has no claim for relief in breach-of-contract; and (3) Ruston fails to allege facts to support a finding that Foundation is LHSI's successor. (M/Dismiss, [doc. # 5-2]).

Ruston filed its opposition on October 18, 2018, claiming that Foundation's motion to dismiss should be converted to motion for summary judgment pursuant to Fed. R. Civ. P. 56 and this court should defer consideration of the motion to permit preliminary discovery. Ruston also claims that Foundation's motion to dismiss should be denied because there is a genuine issue of material fact as to whether Foundation is LHSI's successor-in-interest. (Opp. M/Dismiss, [doc. # 11]). Foundation filed its reply on November 1, 2018.[1] (Reply M/Dismiss, [doc. # 12]). The matter is ripe.

## **Standard of Review**

Federal Rule of Civil 12(b)(6) sanctions dismissal when plaintiff fails "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it

---

[1] Foundation's reply was due on October 25, 2018, seven days after Ruston's opposition was filed. [*see* doc. # 8]. Although Ruston was granted a fifteen day extension of time to file a response, [*see* doc. # 10], Foundation did not move for or receive an extension of time to file a reply.

contains "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully, *id.*; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In deciding a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A court may permit a well-pleaded complaint to proceed even when "actual proof of those facts is improbable" or recovery is unlikely. *Twombly*, 550 U.S. at 556. But a court will dismiss a complaint "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments," although a court is also permitted to rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). If "matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] must be treated as one for summary judgment

under" Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). If a motion to dismiss is converted to a motion for summary judgment, the court should give all parties notice and then consider all of the evidence presented. *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003).

Conversion to a motion for summary judgment is not required if a court determines the documents attached to a motion to dismiss are referred to in the complaint and are central to the plaintiff's claims. *See id.* at 536. A plaintiff will be unsuccessful in objecting to the consideration of an attached document "simply on the grounds that the document was not expressly identified in the plaintiff's complaint." *Bennett v. Libbey Glass, Inc.*, No. CIV.A. 15-105, 2015 WL 5794523, at *2 (W.D. La. Sept. 30, 2015). As the Fifth Circuit has recognized, by attaching such documents, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

<u>**Discussion**</u>

## I.    Conversion to a Motion for Summary Judgment

Ruston claims Foundation's 12(b)(6) motion should be converted to a motion for summary judgment because Foundation submitted documents in support of its motion that Ruston did not include in its Complaint, including (1) the Agreement [doc. # 5-3]; (2) a copy of LHSI's Certificate of Dissolution, filed with the Delaware Secretary of State [doc. # 5-4]; (3) correspondence from the Louisiana Attorney General to LHSI [doc. # 5-5]; (4) documentation from the Louisiana Secretary of State regarding the organization and status of Foundation [doc. # 5-6]. (Opp. M/Dismiss at 5). In its reply, Foundation claims that each of the documents it submitted can properly be considered in this motion to dismiss. (Reply M/Dismiss at 3-4). Upon review of the Complaint and the documents that Foundation attached to its motion to dismiss, the undersigned concludes that this motion should not be converted to a Rule 56 motion for

4

summary judgment.

    1.  <u>The Agreement</u>

Ruston concedes that it did not attach the Agreement due to non-disclosure and confidentiality obligations contained in the document. (Opp. M/Dismiss at 6). Further, Ruston referenced and included language from the Agreement in its Complaint. (*See* Complaint ¶¶ 8-10, 12). Therefore, the Agreement can be considered in this motion to dismiss.

    2.  <u>Certificate of Dissolution</u>

Ruston claims LHSI's Certificate of Dissolution is not central to its claims, but "merely show[s] that . . . LHSI was dissolved," a fact that is not in dispute. (Opp. M/Dismiss at 7). Foundation notes that this document corresponds to paragraph thirteen of the Complaint, which states that "LHSI was administratively dissolved in 2007." (Reply M/Dismiss at 4).

A court may take judicial notice of public records, including Secretary of State records. *See* Fed. R. Evid. 201(b); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (noting that it is "clearly proper" for a court "to take judicial notice of matters of public record"); *Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287, 291 n.5 (5th Cir. 2011) (characterizing Louisiana Secretary of State records as public records); *ShareCor, L.L.C. v. Santa Rosa Consulting, Inc.*, No. CV 16-519-JJB-RLB, 2017 WL 738497, at *2 (M.D. La. Feb. 24, 2017) (characterizing reports filed with the Delaware Secretary of State as public records). Accordingly, the court may take judicial notice of the Certificate of Dissolution filed with the Delaware Secretary of State.

    3.  <u>Attorney General Letter</u>

Ruston also claims the letter from the Louisiana Attorney General to LHSI is not central to its claim. (Opp. M/Dismiss at 7). Foundation replies this document was referenced in Ruston's Complaint because "the act of 'dissolution' was explicitly pled," (*see* Complaint ¶¶ 13-14).

(Reply M/Dismiss at 4).

The undersigned finds that the letter was referenced in the Complaint, (*see* ¶ 14), and is central to Ruston's claim that Foundation became LHSI's successor following LHSI's sale. The sale of LHSI had to be approved by the Louisiana Attorney General, and according to Ruston, the Attorney General would not have approved the sale and the execution of the Agreement unless Foundation adopted the Amended and Restated Articles of Incorporation ("Amended Articles"), "which explicitly state that [Foundation's] purpose is to support LHSI and, in the event that LHSI sells its assets, to manage the proceeds of that sale." (Opp. M/Dismiss at 18). Accordingly, the court can consider the letter in this motion to dismiss.

4. Secretary of State Screenshot

Ruston likewise claims that the documentation from the Louisiana Secretary of State regarding Foundation's registration with the State of Louisiana is not central to its claims, but "merely show[s] that [Foundation] exists." (Opp. M/Dismiss at 7). Foundation replies that the document rebuts Ruston's assertion that Foundation "was formed specifically for the purpose of handling and administering LHSI's obligations following the winding up of that organization," (Complaint ¶ 21). (Reply M/Dismiss at 4). Foundation claims the document can be considered in a motion to dismiss because this court can take judicial notice of it. (*Id.*)

Under Federal Rule of Evidence 201(b)(2), a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Public records contained on a state's Secretary of State website "cannot reasonably be questioned." *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015). Here, Foundation submitted a screenshot from the Louisiana Secretary of State's website, which provides information regarding Foundation's

6

formation and current status as a corporation. [doc. # 5-6]. Therefore, the court may take judicial

notice and consider this document in connection with the motion to dismiss.

## II.    Successor Liability

In its motion to dismiss, Foundation argues that Ruston has not stated a plausible claim

for relief against Foundation as a (1) stockholder; (2) party to the Agreement; or (3) successor to

LHSI. (M/Dismiss). Ruston responds that Foundation "is liable for the obligations of LHSI on

the legal theory of successor liability. Ruston has made no allegation that [Foundation] is liable

as a stockholder of LHSI, nor has it asserted that [Foundation] was a party to the [A]greement.

Instead, Ruston's sole allegation against [Foundation] is that [Foundation] is LHSI's successor-

in-interest and, as the Agreement applies to successors, [Foundation] is liable to Ruston." (Opp.

M/Dismiss at 12). Because Ruston does not allege a theory of liability based on Foundation's

status as a stockholder or party to the Agreement, the court need not address these arguments. At

issue is only whether Ruston has alleged successor liability.

### 1.    Choice of Law[2]

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural

law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The court applies the

choice of law rules of the forum state—Louisiana—to determine which state's law governs. *PHI,*

*Inc. v. Rolls-Royce Corp.*, No. CIV.A. 08-1406, 2010 WL 883794, at *5 (W.D. La. Mar. 9, 2010)

(citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Under Louisiana's choice of

law rules, contracting parties may generally choose which state's law will govern disputes

arising out of the contract. *Id.* (citing La. Civ. Code art. 3540). Here, the Agreement between

---

[2] "Choice-of-law decisions can be resolved at the motion to dismiss stage when factual
development is not necessary to resolve the inquiry." *Energy Coal v. CITGO Petroleum Corp.*,
836 F.3d 457, 459 (5th Cir. 2016).

Ruston and LHSI states that Louisiana law governs and that the Agreement is binding on each party's successors, suggesting Louisiana law applies. [doc. # 5-3 §§ 12.6, 12.7]. However, Foundation also suggests that Delaware law may apply because Louisiana courts have applied the law of the state of incorporation to suits involving the dissolution of corporations, and Ruston is a limited liability company whose sole member is a Delaware corporation. (M/Dismiss at 6 & n.15) (citing *Opti-Com Mfg. Network, LLC v. Util. Tech. & Supply Co.*, No. CIV.A. 12-1300, 2013 WL 1755016, at *3 (E.D. La. Apr. 22, 2013) (citing cases)). Additionally, Ruston does not allege that Foundation is a party to the Agreement. (*See* Opp. M/Dismiss at 12).

Louisiana courts have not weighed in on whether Louisiana law applies to disputes involving alleged successors, so this court must make "a determination of state law as [it] believe[s] the highest court in the state would view it." *Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1548 n.3 (5th Cir. 1985). The undersigned finds that Louisiana courts would apply Louisiana law in this case.

First, the dispute centers around a contract which contains a Louisiana choice of law provision.

Second, in suits relating to dissolved companies, courts have applied the law of the state of incorporation of the dissolved company, when the dissolved company is a party to the suit, or the state of incorporation of the alleged successor. *See, e.g.*, *id.* (determining that the Supreme Court of Louisiana "would apply the law of the state of incorporation in determining the viability of a corporation after dissolution"); *Opti-Com Mfg. Network, LLC*, 2013 WL 1755016 at *3 (reviewing Louisiana appellate court decisions and concluding that the law of the state of incorporation of the dissolved company applies); *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 649 (5th Cir. 2002) (applying the substantive law of the alleged successor's state of

8

incorporation in determining whether the alleged successor was actually subject to successor liability). Foundation suggests Delaware law may apply because of Ruston's state of incorporation, but Foundation's state of incorporation is Louisiana. There are no Louisiana state court cases that suggest the law of the state of incorporation of Ruston, the plaintiff, would apply in similar circumstances. Further, despite LHSI being a Delaware corporation, [*see* doc. # 5-4], LHSI is not a party to this suit and neither Ruston nor Foundation suggest the law of LHSI's state of incorporation should apply.

Third, Louisiana's residual choice of law provision supports the application of Louisiana law. Louisiana Civil Code Article 3515 provides:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Here, Foundation is a Louisiana corporation; Ruston is authorized to do business in Louisiana; and Ruston contends that Louisiana law governs. The dispute involves a hospital located in Louisiana, and Foundation's possible liability under an Agreement which is governed by Louisiana law. Further, neither party contends that Delaware's policies would be impaired by the application of Louisiana law. Accordingly, the court will apply Louisiana law in determining whether Foundation is subject to successor liability.

2. <u>Louisiana Law</u>

Louisiana law permits an obligor and a third person to "agree to an assumption by the

latter of an obligation of the former. To be enforceable by the obligee against the third person,

the agreement must be made in writing." La. Civ. Code art. 1821. The principle of corporate

successor liability is set forth as follows:

> [T]he general rule of corporate liability is that, when a corporation sells all of its
> assets to another, the latter is not responsible for the seller's debts or liabilities,
> except where (1) the purchaser expressly or impliedly agrees to assume the
> obligations; (2) the purchaser is merely a continuation of the selling corporation;
> or (3) the transaction is entered into to escape liability.

*Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 182 n.5 (1973). "This principle of successor

liability has been followed by Louisiana Courts and is consistent with the Louisiana Supreme

Court's earlier discussions of corporate reorganization and successor liability." *Monroe v.

McDaniel*, 16-214 (La. App. 5 Cir. 12/7/16), 207 So. 3d 1172, 1180 (citing cases).

3. Analysis

Foundation claims that Ruston has not alleged sufficient facts to support the conclusion

that Foundation is LHSI's successor-in-interest. (M/Dismiss at 16). Specifically, Foundation

argues that Ruston's claim should be dismissed because Ruston has not alleged that Foundation

purchased all of LHSI's assets to meet the "threshold requirement" for successor liability or that

Foundation "continued the business" of LHSI. (*Id.* at 17, 19). Foundation also claims the

Complaint establishes that Ruston, not Foundation, is LHSI's successor because Ruston

purchased all of LHSI's assets, (*see* Complaint ¶ 9). (*Id.* at 18). Finally, Foundation claims that

its use of the sales proceeds as mandated by Louisiana law does not establish successor liability.

(*Id.* at 19-21).

Ruston responds that Foundation assumed the liability of LHSI based on the Amended

Articles, which the Louisiana Attorney General required Foundation to adopt as a condition of

10

his approval of the Agreement. (Opp. M/Dismiss at 17-18). Ruston claims that the Amended Articles constitute a writing whereby Foundation assumed the liability of LHSI under La. Civ. Code art. 1821. (*Id.* at 19). Ruston also claims that "[a]t the very least these documents show that a genuine issue of material fact exists on the issue of whether [Foundation] is a successor in interest of LHSI" and contends that it should be given adequate opportunity to conduct discovery. (*Id.*)

Foundation replies that "looking at every single factor considered by courts in determining whether a party is – or is not – another's 'successor,' there is no plausible basis that facts 'probably exist' which would establish the Foundation is [LHSI's] successor." (Reply M/Dismiss at 6). According to Foundation, if Ruston purchased substantially all of LHSI's assets, "Foundation could not possibly have purchased such assets; therefore, . . . Foundation is not plausibly the successor of" LHSI. (*Id.* at 7). Further, Foundation claims that Ruston's argument regarding Foundation's adoption of the Amended Articles "hinges upon a misunderstanding of the Louisiana laws regarding the sale of nonprofit community hospitals." (*Id.*) Specifically, Foundation's status as a Section 501(c)(3) organization means it cannot use funds for noncharitable purposes, such as "paying the operating expenses and other liabilities of [Ruston's] for-profit enterprise." (*Id.* at 8). Additionally, Foundation's adoption of the Amended Articles as required by Louisiana law does not make Foundation LHSI's successor. (*Id.* at 9).

Based on the current record, the court is unable to determine whether Foundation is LHSI's successor. However, in deciding this motion to dismiss, the relevant inquiry is not whether Foundation is in fact LHSI's successor, but whether Ruston's pleadings are "sufficient to nudge [its] claims over the line from conceivable to plausible." *Mitchell v. Johnson*, No.

07-40996, 2008 WL 3244283, at *2 (5th Cir. Aug. 8, 2008) (quoting *Twombly*, 550 U.S. at 570).

Upon review of the Complaint and the attached documents, the undersigned finds that Ruston

has alleged sufficient facts to survive a motion to dismiss.

Ruston alleges that Foundation is LHSI's successor based on Foundation's Amended

Articles, which state that following LHSI's dissolution, Foundation's purpose became

"managing and using the sale proceeds or liquidating distributions to improve health care and

outcomes for residents of the area historically served by" LHSI. (Complaint ¶ 14). Ruston also

alleges that Foundation "was formed specifically for the purpose of handling and administering

LHSI's obligations following the winding up of" LHSI. (*Id.* ¶ 21). The Amended Articles

support these allegations; the Amended Articles state that "Foundation was originally organized

and operated exclusively to benefit and support" LHSI, and once LHSI was dissolved,

Foundation's purpose included "managing and using the sale proceeds." (Amended Articles art.

VI, [doc. # 1-2]). Overall, Ruston has sufficiently alleged that following the dissolution of LHSI,

Foundation adopted certain responsibilities relating to LHSI, specifically those outlined in the

Amended Articles, therefore, impliedly assuming the obligations of LHSI. Thus, Ruston has

stated a claim for relief on a theory of successor liability that is plausible and raises "a

reasonable expectation that discovery will reveal evidence" to support its claim. *See Twombly*,

550 U.S. at 556.

Accordingly, Foundation's motion to dismiss should be **DENIED**.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6) [doc. # 5] be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 20th day of November 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE